IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| DONNA R. GOUSHEY, § | Case No. 07-42541 | EOD |
| § | (Chapter 7) | 06/17/2011 |
| Debtor. § | | |
| _____ § | | |
| § | | |
| CHRISTOPHER MOSER, § | | |
| CHAPTER 7 TRUSTEE, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adv. Proc. No. 09-4208 | |
| § | | |
| DAVID NAJAFI, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**
**REGARDING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

Christopher Moser, the chapter 7 trustee, brought this action to recover an unauthorized post-petition transfer from the defendant, David Najafi. This matter is before the Court on the trustee's motion for summary judgment. The defendant opposes the motion. This proceeding raises a core matter over which this Court has jurisdiction to enter a final order. 28 U.S.C. §§157(b)(2) and 1334.

**SUMMARY JUDGMENT STANDARD**

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for the motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The manner in which this showing can be made

1

depends upon which party will bear the burden of persuasion at trial. Here, since the trustee has the burden of proof in an action seeking to recover an unauthorized post-petition transfer, the trustee must support its motion with "credible evidence … that would entitle [him] to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

The parties have essentially stipulated in their pleadings that there is no factual dispute in need of resolution and have presented opposing motions for summary judgment based upon the application of appropriate law. For cases in which the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *See, e.g., Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995). The trustee's motion, the defendant's response, and the trustee's reply set forth the following body of uncontested facts.

## UNCONTESTED FACTS

The debtor, Donna Goushey, filed a petition for relief under chapter 7 of the Bankruptcy Code on November 7, 2007. The debtor listed a "claim for lawsuit for automobile accident" in her bankruptcy schedules. She initially listed the value of her state court lawsuit as unknown, but later amended her schedules to reflect the claim's value as $22,266.87.

The debtor claimed the proceeds of the lawsuit as exempt from her creditors in her bankruptcy schedules. Unbeknownst to the trustee, however, the debtor had already settled the personal injury lawsuit. The debtor received a settlement payment of $90,000 on or about November 29, 2007, which was deposited into her state court lawyer's

IOLTA trust account. Counsel for the debtor in the personal injury lawsuit (who was unaware of the debtor's bankruptcy) transferred $22,266.87 of the settlement proceeds to the debtor. In addition, he issued the defendant a check in the amount of $16,000. The defendant endorsed the check, and the check cleared the IOLTA account on December 3, 2007.

The defendant was a creditor of the debtor's former husband, Ahmad. In March 2006, the defendant loaned $21,000 to Ahmad pursuant to a promissory note. The note matured by its terms on March 6, 2007. The defendant accepted the $16,000 check in full and final satisfaction of Ahmad's debt to him.

The trustee first learned of the debtor's settlement of her personal injury claim at the meeting of creditors held on December 28, 2007 pursuant to § 341 of the Bankruptcy Code. He promptly objected to the debtor's claimed exemption of the settlement proceeds. On April 7, 2008, the Court entered an agreed order on the trustee's objection providing that any amounts realized over and above $22,266.87 would inure to the benefit of the debtor's bankruptcy estate.

The debtor did not request or receive authorization from this Court to pay $16,000 to the defendant. The defendant has refused to return the funds to the chapter 7 trustee. Accordingly, the trustee seeks to recover $16,000 from the defendant pursuant to §§ 549 and 550 of the Bankruptcy Code.

## LEGAL DISCUSSION

Section 549(a) permits a trustee to avoid an unauthorized, post-petition transfer of property of the estate. 11 U.S.C. § 549(a). Section 549(a) sets forth the elements that must be present for a trustee to avoid a post-petition transaction: (1) property was

transferred; (2) the property was property of the bankruptcy estate; (3) the transfer occurred after the commencement of the case; and (4) neither the bankruptcy court nor the Bankruptcy Code authorized the transfer.  If the trustee establishes these elements, any party asserting the validity of the transfer bears the burden of proof.  *See* FED. R. BANKR. P. 6001.

In this case, the undisputed facts establish an unauthorized post-petition transfer of estate property to the defendant.  The transfer that the trustee seeks to recover was made by a check written on the IOLTA trust account of the debtor's personal injury attorney with money recovered in settlement of the debtor's personal injury lawsuit.  The settlement proceeds were property of the estate.  The defendant does not dispute that the check was made payable to him and endorsed by him.  The transfer occurred post-petition, and neither this Court nor the Code authorized the transfer.

The defendant does not seek to establish the validity of the transfer.  Rather, the defendant argues that the trustee may not recover the transfer from him.

Section 550(a) of the Bankruptcy Code provides that to the extent a transfer is avoided, a trustee may recover the property transferred, or if the court so orders, the value of such property, from the initial transferee or any subsequent transferee.  *See* 11 U.S.C. § 550(a)(1)-(2).  The liability the initial transferee is absolute.  The liability of the subsequent transferee, in contrast, is subject to a "good faith purchaser for value" defense.  *See* 11 U.S.C. § 550(b).

Here, the defendant argues that the undisputed facts show that he was not the initial transferee.  The defendant asserts that Ahmad was the initial recipient of the check and that Ahmad delivered the check to him.  Thus, according to the defendant, the

4

Chapter 7 trustee cannot recover the $16,000 from him, because he is a good faith subsequent transferee protected by § 550(b)(1) of the Code.

In determining whether a person or entity is an initial or subsequent transferee for purposes of § 550(b)(1), the Fifth Circuit has adopted the dominion-and-control test. *Security First Nat'l Bank v. Brunson (In re Coutee),* 984 F.2d 138, 140 (5th Cir. 1993). The Fifth Circuit made clear in *Coutee* that "[d]ominion and control means legal dominion or control," rather than mere possession. *Id*. at 141, n. 4. "The fact that the firm could have violated its fiduciary obligation … by taking the money … and spending it as it pleased would make no difference in the analysis." *Id*. The Fifth Circuit explained that "an entity does not have dominion over the money until it is in essence free to invest the whole amount in lottery tickets or uranium stocks." *Id*. at 141 (internal quotes and punctuation removed) (citing *Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890, 894 (7th Cir. 1988)).

Here, according to the defendant, the debtor used property of her bankruptcy estate to pay a debt owed by her former husband. The check was made payable to the defendant, not Ahmad, and the funds went from the IOLTA account to the defendant. As to the funds, therefore, the defendant was the direct and initial transferee. Even if Ahmad hand-delivered the check to the defendant, as the defendant contends, Ahmad had no right to do anything with the check other than deliver possession – he was, at most, a messenger. Ahmad had no right to cash a check made out to the defendant or to spend any of the money on groceries, let alone lottery tickets or uranium stocks. The Court concludes, under these circumstances, the trustee may recover the $16,000 from the defendant as a matter of law.

In his motion, the trustee requests pre-judgment interest if he prevails. Although the Code does not expressly allow pre-judgment interest on a recovery under § 549, it is within this Court's equitable jurisdiction to allow such interest. *See Wilson v. First Nat'l Bank, Lubbock, Tex. (In re Missionary Baptist Found. of Am., Inc.),* 69 B.R. 536, 537–40 (Bankr. N.D. Tex. 1987). The materials the trustee submitted do not include any information as to the date he first demanded that the defendant return the $16,000 to the estate. The Court, therefore, will use the date of the filing of the complaint (November 24, 2009) as the date of demand and, in its discretion, will award interest from that date at the rate set out in 28 U.S.C. § 1961(a). *See id.* at 539. *See, e.g., Production Steel, Inc. v. Sumitomo Corp. of Am. (In re Production Steel, Inc.)*, 60 B.R. 4 (Bankr. M.D. Tenn. 1986); *Koonce v. McDonald (In re Koonce),* 262 B.R. 850, 861 (Bankr. D. Nev. 2001); *Rieser v. Randolph County Bank (In re Masters),* 137 B.R. 254, 262 (Bankr. S.D. Ohio 1992).

## CONCLUSION

For the foregoing reasons, the Court finds and concludes that the chapter 7 trustee's motion for summary judgment should be granted. The Court will enter a separate judgment consistent with this memorandum opinion.

**SO ORDERED.**

Signed on 6/17/2011

_Brenda T. Rhoades_  MD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE